UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WATTLES and JENNIFER WATTLES, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 4:20-CV-00863-NCC |
| WELLS FARGO BANK, N.A., WACHOVIA MORTGAGE CORP., and SELECT PORTFOLIO SERVICING, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Wachovia Mortgage Corp.[1] and Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 37). Defendant Select Portfolio Servicing, Inc. joins in the motion (Doc. 39) and the motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 17). For the following reasons, Defendants' Motions will be **GRANTED**.

**I. Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*,

---

[1] As noted by Defendants Wachovia Mortgage Corporation and Wells Fargo Bank, N.A., since the underlying events in the action occurred, Wachovia Mortgage Corporation has merged into Wells Fargo (Doc. 41 at 1 n.1).

838 F.2d 268, 273 (8th Cir. 1988).  Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.  "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248).  In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## II. Undisputed Facts[2]

Plaintiffs Michael Wattles ("Mr. Wattles") and Jennifer Wattles ("Ms. Wattles") (collectively, "Plaintiffs") obtained a $200,000.00 loan ("Loan") from Wachovia and signed a promissory note dated April 14, 2006 ("Note").  The refinance loan amount of $200,000 was agreed upon by Plaintiffs and Defendant Wachovia Mortgage Corporation ("Wachovia").  The

---

[2] The facts are taken from Wells Fargo's Statement of Uncontroverted Material Facts (Doc. 41), Select Portfolio Servicing, Inc.'s Amended Response to and Joinder in Motion for Summary Judgment (Doc. 42), Plaintiffs' Response to Defendants' Statement of Uncontroverted Material Facts and Statement of Additional Uncontroverted Material Facts (Doc. 46), and Wells Fargo's Response to Plaintiffs' Additional Uncontroverted Material Facts (Doc. 51).  To the extent Plaintiffs rely on Mr. Wattles' post-deposition affidavit, the Court will not consider any facts which conflict with Mr. Wattles' deposition testimony.  Federal courts "do not permit a post-deposition affidavit to contradict prior testimony in an attempt to create an issue of fact."  *Taylor v. Cottrell*, Inc., 795 F.3d 813, 818 (8th Cir. 2015).

Note is secured by a deed of trust dated April 14, 2006, and executed by Plaintiffs ("Deed of Trust") on real property located at 4694 Kellykris Dr., St. Charles, Missouri 63304. In connection with the Loan, Plaintiffs signed a U.S. Department of Housing and Urban Development Settlement Statement ("Settlement Statement") dated April 14, 2006 providing for disbursements to be made to Plaintiffs and certain creditors as follows: Plaintiffs - $15,509.97; Bank of America - $3,579.00; Bank of America - $70,164.00; CBUSA Sears ("Sears") - $1,868.00; Discover Fin Svs LLC ("Discover") - $10,225.00; Discover - $5,718.00; MBNA America ("MBNA") - $4,709.00; National Bank - $78,242.09; and Target NB ("Target") - $9,327.00. Plaintiffs sought out the mortgage refinance in 2006 for the purpose of consolidating Plaintiffs' debts into one payment and to use the cash out funds to keep up on debt payments and pay medical bills. Wachovia merged into Wells Fargo, making Wells Fargo the successor in interest to the Deed of Trust. The Deed of Trust was assigned by an Assignment of Mortgage/Deed of Trust from Wells Fargo to Towd Point Master Funding Trust 2020-PM2 on or about May 14, 2020 ("Assignment"). Wells Fargo serviced the Loan from October 1, 2009, until May 1, 2020, when servicing transferred to Defendant Select Portfolio Servicing, Inc.

Plaintiffs agree that disbursements were made to Bank of America and to National Bank. The parties dispute whether the remaining payments were made. Specifically, Ms. Wattles is unaware whether, and Mr. Wattles does not believe, they received the cash out or that the other disbursements were made. The Settlement Statement shows that these disbursements were to be made and Wells Fargo's records indicate that they were made. Plaintiffs continued to receive monthly statements from Sears, Discover, MBNA, and Target following the April 2006 refinance which showed amounts due to these creditors. In 2007, Mr. Wattles contacted Sears about the account. Mr. Wattles was told the Sears debt was being sent to collections.

3

Mr. Wattles contacted Discover in 2007 or 2008 regarding the account.  Mr. Wattles contacted MBNA in 2007 and was told no amount had been paid to MBNA.  In June 2011, Plaintiffs received a demand letter from Creditors Financial Group regarding a debt owed to Bank of America.  In 2007, Mr. Wattles contacted Target regarding the account.  Target indicated the debt was being sent to collections.  Beginning in October 2008, Plaintiffs received demand letters from Target.  Plaintiffs made payments to Target following the demand letters.  In a letter to Wells Fargo dated January 13, 2020, signed by Plaintiffs' former attorney, Robert C. Becker, Jr. ("Mr. Becker"), confirmed the $9,327 Target disbursement check had been cashed.

In 2009, Plaintiffs were represented by attorney Charles Huber regarding a bankruptcy consultation and the judgments and liens they were subject to at that time.  In October 2009, a lawsuit on one of Plaintiffs' Discover accounts was filed (Cause No. 0911-CV09787, *Discover Bank v. Mike Wattles*).  Judgment was entered in Cause No. 0911-CV09787 against Mr. Wattles in April 2010.  In connection with the judgment, Mr. Wattles was subsequently garnished through his employer, Aspen Dental, in 2015 and 2016.  In April 2009, a lawsuit on a second Discover account was filed against Ms. Wattles (Cause No. 0911-CV03495, *Discover Bank v. Jennifer Ann Wattles*).  Cause No. 0911-CV03495 was eventually dismissed without prejudice.  In December 2009, a lawsuit was filed against Ms. Wattles (Cause No. 0911-CV12230, *Livingston Financial LLC v. Jennifer Wattles*).  Judgment was entered against Ms. Wattles in Cause No. 0911-CV12240 in April 2010.  In October 2009, a lawsuit was filed against Mr. Wattles (Cause No. 0911-CV10415, *Arrow Financial Services LLC v. Mike Wattles*).  Judgment was entered against Mr. Wattles in Cause No. 0911-CV10415 in December 2009.  Mr. Wattles

4

was again garnished through his employer, Aspen Dental, in 2015 as a result of the judgment. The earliest garnishment on Mr. Wattles wages was filed on June 18, 2015.[3]

Ms. Wattles did not contact Wachovia or Wells Fargo at any time, from 2006 to the present, regarding the disbursements or collections from creditors.  Mr. Wattles did not contact Wachovia or Wells Fargo regarding the disbursements or collection notices from creditors until at least June 2019.  In 2019, following Mr. Wattles' inquiry, Wells Fargo sent Plaintiffs the Settlement Statement and copies of disbursement checks.  Plaintiffs contacted an attorney, Mr. Becker, in 2019 to investigate whether disbursements had been made by Wachovia in 2006.  In August 2019, Wells Fargo provided copies of copies of checks that are marked nonnegotiable. The parties dispute whether these checks were checks or "some other type of record" (Doc. 46 at ¶79).  In 2020, Plaintiffs attempted to obtain personal bank accounts and other records from 2006 but could not do so because the records were not available due to the passage of time.

Plaintiffs Michael Wattles and Jennifer Wattles ("Plaintiffs") filed this action for Conversion (Count II), Merchandising Practices Act (Count III), Negligence (Count IV), Breach of Fiduciary Duty (Count V) against Wells Fargo and for an Accounting (Count I) and Reformation of Instruments (Fraud) (Count VI) against Wells Fargo and Select Portfolio on May 21, 2019, in the Circuit Court of St. Charles County, Missouri (Doc. 6).  Wells Fargo timely removed the action with the consent of Select Portfolio to this Court on June 29, 2020, based on diversity jurisdiction (Doc. 1).  Plaintiffs request damages of approximately $51,000, minus disbursements paid as can be "proven" by Wachovia, plus attorney fees.[4]

---

[3] Although unclear from the record before the Court precisely which suits align with which debts, the parties do not dispute that these suits relate to the underlying debts which were to be paid off from the disbursements from the refinance loan (*See* Doc. 46 at ¶¶64-74).

[4] Based on this uncontested fact establishing Plaintiffs' request for damages would not exceed approximately $51,000, the Court directed Defendants to show cause why this action should not

In its Motion for Summary Judgment, Wells Fargo argues the Plaintiffs were on notice of Wells Fargo's alleged failure to make these disbursements more than a decade before they initiated this action in 2020 and, as a result, Plaintiffs' claims are barred by the statute of limitations. In the alternative, Wells Fargo raises two additional bases for judgment (1) Plaintiffs cannot establish that Wells Fargo did not make the disbursements, and (2) Plaintiffs cannot satisfy certain legal elements of each of their claims (Doc. 37).

### III. Analysis

Under Missouri Revised Statute § 516.120, most civil claims must be brought within five years of when the claims accrue. In the case of an action for relief on the ground of fraud, claimants are afforded additional time as the cause of action is deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud. Mo. Rev. Stat. 516.120(5). The parties agree that section 516.120 is applicable to Plaintiffs' claims for Conversion (Count II), Merchandising Practices Act (Count III), Negligence (Count IV), and Breach of Fiduciary Duty (Count V) (Doc. 47 at 1). Plaintiffs assert that they should be afforded additional time under section 5 of the statute as to their claim under the MMPA and for their claim for breach of fiduciary duty because, they assert, they sound in fraud and they are thus entitled to up to ten years to ascertain the existence of the fraud and then five years from the discovery to file suit. However, contrary to Plaintiffs' assertions, both claims fall under the five-year statute of limitations because they are not considered claims of fraud.

---

be remanded for want of subject matter jurisdiction as the Court could no longer find that the amount in controversy requirement of 28 U.S.C. § 1332 was met at the commencement of this litigation (Doc. 55). Wells Fargo timely and sufficiently responded establishing by a preponderance of the evidence that the jurisdictional amount is met considering Plaintiffs' request for punitive damages, Plaintiffs' request for statutory attorneys' fees, and the value of the object of this litigation (Doc. 56).

*See Huffman v. Credit Union of Texas*, 758 F.3d 963, 968 (8th Cir. 2014) (MMPA); *Ball v. Friese Const. Co.*, 348 S.W.3d 172, 176 (Mo. Ct. App. 2011) (also MMPA); *Twin Chimneys Homeowners Ass'n v. J.E. Jones Const. Co.,* 168 S.W.3d 488, 501 (Mo. Ct. App. 2005) (breach of fiduciary duty). Having determined that the five-year limitation applies, the Court next turns to when the claims accrue. "Generally, claims accrue when the damage is sustained and is capable of ascertainment." *White v. CitiMortgage, Inc.*, 864 F.3d 924, 927 (8th Cir. 2017) (internal quotations omitted). Claims are capable of ascertainment "when the plaintiff is on inquiry notice of the wrong and damages." *Huffman*, 758 F.3d at 968 (internal quotations omitted).

The Court finds that Missouri's five-year statute of limitations apply to Plaintiffs' claims as Plaintiffs were on notice more than five years prior to the commencement of this litigation. Plaintiffs assert that they did not realize that something was amiss until wages began to be garnished in June 2015. However, as noted by Wells Fargo, the appropriate test is not when the damage was discovered but when the damage can be discovered. In this instance, Plaintiffs were put on notice almost immediately as a primary purpose of entering the refinancing transaction was to combine all debts into one payment and any failure by Wachovia to send the disbursement checks would have resulted in requests for payment from additional sources. Statements from these creditors from that time would have also reflected this failure and put Plaintiffs on notice. *Huffman*, 758 F.3d at 968 (finding that plaintiffs were on inquiry notice upon receipt of deficiency notices). Indeed, it is undisputed that Plaintiffs continued to receive monthly statements from several of these creditors following the refinance. Additionally, Mr. Wattles talked to each of the creditors in 2007 and 2008 regarding nonpayment of the debt and was informed by various creditors that payment was not received. Similarly, as to Plaintiffs'

7

cash out check, its absence would be further notice of a potential failure or breakdown in this process.  While Mr. Wattles indicates he did not notice whether the check was actually received, the Court finds that a reasonable person would have been put on notice if the check was not received as the cash out amount, approximately $15,000, is a sizable amount of money and Mr. Wattles testified that they needed the money to keep up on debt payments and pay medical bills.  Moreover, Plaintiffs were certainly put on notice when, in 2009, creditors began filing suits related to these accounts.  *Mahanna v. U.S. Bank Nat. Ass'n,* 747 F.3d 998, 1004 (8th Cir. 2014) ("[A] practical approach is needed when looking at the facts of any given case to determine if a reasonable person would have been put on inquiry notice").  Therefore, the statute of limitations bars Plaintiffs' claims for Conversion (Count II), Merchandising Practices Act (Count III), Negligence (Count IV), and Breach of Fiduciary Duty (Count V).

Having found that Plaintiffs' Counts II-V fail as a matter of law, the Court finds that Plaintiffs' claims for Accounting (Count I) and Reformation (Count II) must also fail.  Plaintiffs concede that their claim for Accounting (Count I) is now moot.  Regardless, the Court finds that Plaintiffs' claim for accounting will be dismissed with prejudice as the claim for accounting is a separate remedy that may not stand alone without the other claims.  *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1077 (8th Cir. 2016) ("We agree with the district court that accounting is a remedy, not an independent cause of action.").  Reformation is similarly inapplicable as the undisputed facts in this case do not establish that there was a mistake in drafting the loan documents or the deed of trust and a claim such as Plaintiffs seeking remedy for an alleged breach of contract does not warrant reformation.  *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 132 (Mo. 2007) ("Reformation of a written instrument is an extraordinary equitable remedy and should be granted with great caution and only in clear cases of fraud or mistake.").  Therefore, the Court

will grant summary judgment in favor of Defendants as to Plaintiffs' claims for Accounting (Count I) and Reformation (Count VI).

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Select Portfolio Servicing, Inc.'s Joinder in Motion for Summary Judgment (Doc. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Wachovia Mortgage Corp. and Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Doc. 37) is **GRANTED**.

A separate judgment will accompany this memorandum and order.

Dated this 13th day of December, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE